IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION


MARCELINO BRIANO-CRUZ           §
                                           §
v.                                     §           C.A. NO. C-06-96
                                           §
MICHAEL CHERTOFF, ET AL.     §


MEMORANDUM AND RECOMMENDATION
TO DENY PETITIONER'S MOTION TO
STRIKE AND MOTION FOR DEFAULT JUDGMENT

This is a habeas corpus action filed by a state prisoner challenging an order

of deportation and an immigration detainer pursuant to 28 U.S.C. § 2241.  Pending

before this Court are petitioner's motion to strike and motion for default judgment.

(D.E. 19).  For the reasons stated herein, it is respectfully recommended that

petitioner's motions be denied.

## BACKGROUND

On February 21, 2006, petitioner filed his habeas application and a

memorandum of law in support of his application.  (D.E. 1, 2).  Petitioner's motion

for leave to proceed in forma pauperis was granted on March 14, 2006.  (D.E. 8).

On March 15, 2006, an order was issued requiring him to provide a more definite

statement of his claims.  (D.E. 9).  On March 27, he provided a more definite

statement.  (D.E. 10).

Respondents filed a motion to dismiss the petition for writ of habeas corpus on June 14, 2006. (D.E. 17). Petitioner now moves the Court to strike the pleading and enter a default judgment against respondents for failing to file an answer. (D.E. 19, at 1).

## DISCUSSION

**1.     Default Judgment Against The Government Is Inappropriate Because Petitioner Cannot Establish Satisfactory Evidence To Support The Claim.**

Petitioner asserts that respondents have failed to file an answer within sixty days of being served, and therefore, he is entitled to a default judgment. (D.E. 19, at 1).

Concerning the efficacy of default judgments, the Fifth Circuit has explained that "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." Harper MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) ("In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'") (quoting Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)). It has determined that "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is

technically in default." <u>Ganther v. Ingle</u>, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam); <u>accord</u> <u>Lewis</u>, 236 F.3d at 767.

Additionally, Rule 55 of the Federal Rules of Civil Procedure establishes that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."  Fed. R. Civ. P. 55(e); <u>accord</u> <u>Mason v. Lister</u>, 562 F.2d 343, 345 (5th Cir. 1977); <u>Carroll v. Sec'y of Health, Educ. & Welfare</u>, 470 F.2d 252, 255-56 (5th Cir. 1972).

Petitioner's pleadings, including his original petition and motion for default judgment, may be fairly described as minimalist in character.  In fact, the Court issued an order for a more definite statement of the relief sought.  (D.E. 9).  In that order, he was instructed, <u>inter</u> <u>alia</u>, to provide with specific information to support his allegation that he is being illegally detained by the federal government. However, he provided little or no substantive basis to support his allegations.

Accordingly, it is respectfully recommended on the pleadings filed to date, default judgment is inappropriate.  Therefore, it is respectfully recommended that petitioner's motion for a default judgment be denied.

**2.      Respondents' Motion To Dismiss Should Not Be Stricken.**

Petitioner also moves to strike respondents' motion to dismiss.  (D.E. 19, at 1).  He argues that respondents were required to file a responsive pleading or an answer, not a dispositive motion.  On Jun 14, 2006, respondents filed a motion to dismiss petitioner's writ of habeas corpus pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  (D.E. 17).  Specifically, he argued that petitioner failed to establish jurisdiction within this court, and that his petition failed to state a claim upon which relief can be granted.  Id. at 5.

Petitioner does not provide any legal or factual support for his assertion that dismissal of respondents' motion is proper.  Defenses to a claim for relief "may at the option of the pleader be made by motion."  Fed. R. Civ. P. 12(b); Deramus v. Jackson Nat'l Life Ins. Co., 92 F.3d 274, 275 & n.1 (5th Cir. 1996) (per curiam).  In fact, "[a] motion making any of [the Rule 12(b)] defenses shall be made before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b); Lawhorn v. Atl. Ref. Co., 299 F. 2d 353, 357 (5th Cir. 1962) ("After such a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon.  If the motion is granted, no further pleadings will be necessary.  If the motion is denied, time is allotted in which to file an answer.") (emphasis added).

4

Respondents have followed the procedural requirements set forth in Rule 12(b) of the Federal Rules of Civil Procedure, which clearly allows a motion to dismiss at this point in the pre-trial proceedings.  Accordingly, it is therefore respectfully recommended that petitioner's motion to strike be denied.

## **<u>RECOMMENDATION</u>**

Based on the foregoing analysis, it is respectfully recommended that petitioner's motion to strike and motion for default judgment, (D.E. 19), be denied.

Respectfully submitted this 18th day of July 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).