IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARCELINO BRIANO-CRUZ, | § | |
| | § | |
| v. | § | C.A. NO. C-06-96 |
| | § | |
| MICHAEL CHERTOFF, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on February 16, 2006. (D.E. 1, at 9). He is challenging constructive federal custody of his person by the United States Government pursuant to an immigration detainer and order for final removal. (D.E. 18, at 2-3). Pending is respondent's motion to dismiss for failure to state a claim and for lack of jurisdiction. (D.E. 17, at 3).

## I. JURISDICTION

At the time he filed his petition, petitioner was incarcerated at the McConnell Unit in Beeville, Texas. The Court has jurisdiction over this petition pursuant to 28 U.S.C. § 2241(d).

## II.  BACKGROUND

Petitioner currently is serving a twenty-five year sentence for attempted capital murder of a police officer, and unlawful possession with the intent to deliver a controlled substance, namely cocaine.  (D.E. 12, at Ex. 1, at 2).  He does not complain about his underlying state conviction, but rather challenges his continued confinement within TDCJ-CID as unconstitutional because he was ordered removed from the United States in immigration proceedings.  (D.E. 18, at 2-3).

After petitioner's state conviction, the Immigration and Naturalization Service, now known as the Department of Homeland Security, issued a Order to Show Cause alleging the state convictions and charging that petitioner should be deported for committing a violation of law that related to a controlled substance and for committing an aggravated felony.  (D.E. 12, at Ex. 1, at 2).  An immigration judge found that he was deportable and was ineligible for any relief.  Accordingly, on August 25, 1997, the immigration judge ordered that petitioner be removed from the United States to Mexico.  Id. at Ex. 1, Ex. A.  In his written order, he noted that petitioner intended to seek an appeal of his decision.  Id.  On February 10, 1998, petitioner's appeal was denied and dismissed.  Id. at Ex. 1, Ex. B.

Next, petitioner filed a writ of habeas corpus with the United States District

Court for the Northern District of Texas, Dallas Division.  See (D.E. 1, at 3); (D.E. 12, at Ex. 1, at 3).  His petition was dismissed for lack of jurisdiction on April 18, 2002.  (D.E. 12, at Ex. 1, at 3).

On February 16, 2006, petitioner filed this action challenging federal detention and custody pursuant to an immigration detainer and final order of removal.  See (D.E. 1, at 7); (D.E. 2, at 3-4).  On March 15, 2006, he was ordered to provided a more definite statement of his claims to allow the Court to properly evaluate his allegations.  (D.E. 9).  He filed a supplemental statement concerning his claims, however, he failed to substantively provide a legal basis for his challenge to federal custody.

On June 14, 2006, respondent filed a motion to dismiss for failure to state a claim and failure to establish proper jurisdiction over the claim.  (D.E. 17).  He specifically argues that "petitioner has failed to allege any reasons why his custody is contrary to the laws or Constitutions of the United States."  Id. at 2.  He further argues that to the extent petitioner is challenging the final order of deportation, it is not appropriately raised in a § 2241 proceeding.  Id. at 3 (citing Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 735 (5th Cir. 2005) (per curiam)).

In response to respondent's motion, petitioner primarily argues that he is being held in violation of federal law because the government has failed to take

him into custody pursuant to the detainer and final order of removal.[1] (D.E. 18, at 2-3). He alleges that the government has engaged in affirmative misconduct by failing to execute the detainer. Id. at 3. He moves the Court to either compel the government to act on the detainer now, or alternatively estop the government from executing the detainer.

### III. APPLICABLE LAW

**A.     Motion to Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law. Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted). When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff. Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Indeed, a court should not look beyond the pleadings. Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond

---

[1] Petitioner also argues that respondent's motion to dismiss should be stricken from the record because he failed to file an answer in the present proceedings. (D.E. 18, at 1-2). He also raised this same argument in a motion to strike and a motion for default judgment. (D.E. 19). This issued has been addressed in a separate memorandum and recommendation. (D.E. 20).

doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley). Thus, the central question before the Court is whether the plaintiff's complaint states any valid claim for relief. See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

### B.  Petitioner Fails to Show Violation of Protected Right.

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.[2] 28 U.S.C. § 2241(c)(3). Appropriate habeas corpus claims are those that call into question the fact, length, or conditions of the petitioner's custody and seek an immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

An alien that is ordered removed from the United States is to be removed by the Attorney General within a ninety-day period. 8 U.S.C. § 1231(a)(1)(A). The ninety-day removal period for aliens that are confined, except under the immigration process, does not begin until the date that the alien is released from

---

[2] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

confinement. 8 U.S.C. § 1231(a)(1)(B); see also Rosales, 426 F.3d at 738 ("removal period does not start until his state term of incarceration ends"). The governing statute specifically addresses aliens that are imprisoned stating that "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment. Parole, supervised release, probation, or possibility of arrest for further imprisonment is not a reason to defer removal." 8 U.S.C. § 1231(a)(4)(A).

There is an exception to this general rule prohibiting the removal of an alien until he has been released from custody. An alien in State custody convicted of a non-violent crime can be removed prior to serving his full sentence if the chief State official determines "removal is appropriate and in the best interest of the State," and "submits a written request to the Attorney General that such alien be so removed." 8 U.S.C. § 1231(a)(4)(B)(ii). This exception is not applicable to petitioner.

Removal proceedings were commenced after petitioner was convicted of attempted capital murder of a police officer, and unlawful possession with intent to deliver a controlled substance, both of which are aggravated felonies. (D.E. 17, at Ex. 1, at 2). On August 25, 1997, an immigration judge ordered him removed from the United States to Mexico. Id. at Ex. 1, Ex. A. He is still in the custody of TDCJ-CID. Id. at Ex. 1, at 3. When petitioner is released from TDCJ-CID, the

ninety-day removal period will commence, and his removal from the United States will be scheduled. Accordingly, it is respectfully recommended that petitioner has failed to state a claim for which habeas relief can be granted because his deportation date is governed by federal statute.

To the extent that petitioner's claim may be construed to challenge the removal order, it is respectfully recommended that this Court does not have jurisdiction to resolve any issues relating to the order itself. In <u>Ishak v. Gonzales</u>, 422 F.3d 22, 29 n.5 (1st Cir. 2005), the First Circuit noted that federal district courts possess jurisdiction over habeas challenges to federal detention that are <u>independent</u> of challenges to removal orders. 442 F.3d at 29 n.5. However, in <u>Rosales</u>, the Fifth Circuit explained that Congress "divested federal courts of jurisdiction over § 2241 petitions attacking removal orders" with the passage of the Real ID Act. 426 F.3d at 735-36. Here, petitioner has failed to show any ground independent of the removal order that would entitle him to habeas relief. Thus, it is respectfully recommended that he has failed to show the Court has jurisdiction over his alleged claims.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss, (D.E. 17), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed.

Respectfully submitted this 19th day of July 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).